UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

------------------------------------------------------------------------x

Irakli Shalolashvili, individually and on behalf of all others similarly situated,

                Plaintiff,

   -against-

ProCollect Incorporated,

                Defendant(s).

------------------------------------------------------------------------x

Docket No: 3:22-cv-2168

Demand for Trial by Jury

## COMPLAINT

Plaintiff Irakli Shalolashvili ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant ProCollect Incorporated ("Defendant" or "Defendant ProCollect"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The Act was promulgated because do the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that the "effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, as well as 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

5. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collection Practices Act ("FDCPA").

## PARTIES

6. Plaintiff is a resident of the State of Texas, County of Dallas.

7. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3).

8. Defendant ProCollect is a Texas entity with an address at 12170 Abrams Road, Suite 100, Dallas, Texas 75243, and is registered to accept service of process through its registered agent, c/o John W. Bowdich at 8150 N. Central Expy, Suite 500, Dallas, Texas 75206.

9. Defendant ProCollect is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

10. Defendant ProCollect is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

11.   Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.   The Class consists of:

   a.   all individuals with addresses in the State of Texas;

   b.   to whom Defendant ProCollect sent an initial collection letter;

   c.   attempting to collect a consumer debt;

   d.   which was sent on a date on or after the CFPB Regulation F took effect on November 30, 2021;

   e.   which failed to include any itemization date for the alleged debt as required under 12 CFR 1006.34;

   f.   which letter was sent on or after a date one (1) year prior to the filing of this action.

13.   The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14.   Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and/or 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

 a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

 b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and/or 1692g.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**Factual Allegations**

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. At some time prior to August 11, 2022, Plaintiff allegedly incurred an obligation with Peso Energy/Ampra Energy/Almika Solar ("Peso") arising out of transactions incurred primarily for personal, family, or household purposes.

22. The alleged Peso obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. Peso is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24. Upon information and belief, Peso contracted Defendant ProCollect to collect the alleged debt.

25. Defendant ProCollect collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

*Violation – August 11, 2022 Collection Letter*

26. On or about August 11, 2022, Defendant ProCollect sent Plaintiff a collection letter ("Letter") regarding the alleged debt. *See* Letter attached as **Exhibit A**.

27. Pursuant to 15 U.S.C. § 1692l(d) "[e]xcept as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

28. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

29. The CFPB also provided commentary supplementing Regulation F to provide further directives for any debt collector following the requirements laid out in Regulation F.

30. The Letter, while apparently being modeled after the model notice prepared by the CFPB, the same fails to provide all of the information required by Regulation F and further is drafted in a way that prevented Plaintiff from acquiring all of the relevant, necessary information regarding the alleged debt, making the Letter inaccurate, misleading, and/or deceptive.

31. 12 CFR § 1006.1 provides:

>  (a) *Authority*. This part, known as Regulation F, is issued by the Bureau of Consumer Financial Protection pursuant to section 814(d) and 817 of the Fair Debt Collection Practices Act (FDCPA or Act), 155 U.S.C. 1692/(d), 1692o; title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), 12 U.S.C. 5481 *et seq.*; and paragraph (b)(1) of section 104 of the Electronic Signatures in Global and National Commerce Act (E-SIGN Act), 15 U.S.C. 7004.
>
>  (b) *Purpose.* This part carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. This part also prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection in light of the facts and circumstances.
>
>  (c) *Coverage.*
>
>  > (1) Except as provided in § 1006.108 and appendix A of this part regarding applications for State exemptions from the FDCPA, this part applies to debt collectors, as defined in § 1006.2(i), other than a person excluded from coverage by section 1029(a) of the Consumer Financial Protection Act of 2010, title X of the Dodd-Frank Act (12 U.S.C. 5519(a)).
>  >
>  > (2) Section 1006.34(c)(2)(iii) and (3)(iv) applies to debt collectors only when they are collecting debt related to a consumer financial product or service as defined in § 1006.2(f).

32. 12 CFR § 1006.18(b) reiterates the requirements of 15 U.S.C. § 1692(e) by stating:

>  (2) A debt collector must not falsely represent:
>
>  > (i)     The character, amount, or legal status of any debt.

33. The CFPB provided Comment 18(e)(1) which states:

   1. **Example.** A debt collector must make the disclosure required by § 1006.18(e)(1) in the debt collector's initial communication with a consumer, regardless of the medium of communication and regardless of whether the debt collector or the consumer initiated the communication.

34. 12 CFR § 1006.34(a) states:

   (1) *Validation information required*. Except as provided in paragraph (a)(2) of this section, a debt collector must provide a consumer with the validation information described in paragraph (c) of this section either:

   (i) By sending the consumer a validation notice in a manner permitted by § 1006.42;

   (A) In the initial communication, as defined in paragraph (b)(2) of this section; or

   (B) Within five days of that initial communication.

35. 12 CFR § 1006.34(b) states:

   (1) *Clear and conspicuous* means disclosures that are readily understandable. In the case of written and electronic disclosures, the location and type size must be readily noticeable to consumers.

   (2) *Initial communication* means the first time that, in connection with the collection of a debt, a debt collector conveys information, directly or indirectly, regarding the debt to the consume, other than a communication in the form of a formal pleading in a civil action, or any form or notice that does not relate to the collection of the debt and is expressly required by:

   (i) The Internal Revenue Code of 1986 (26 U.S.C. 1 *et seq.*);

   (ii) Title V of the Gramm-Leach Bliley Act (15 U.S.C. 6801 through 6827); or

   (iii) Any provision of Federal or State law or regulation mandating notice of a date security breach or privacy risk.

   (3) *Itemization date* means any one of the following five reference dates for which a debt collector can ascertain the amount of the debt:

  (i)  The last statement date, which is the date of the last periodic statement or written account statement or invoice provided to the consumer by a creditor;

  (ii)  The charge-off date, which is the date the debt was charge off;

  (iii)  The last payment date, which is the date the last payment was applied to the debt;

  (iv)  The transaction date, which is the date of the transaction that gave rise to the debt; or

  (v)  The judgment date, which is the date of a final court judgment that determines the amount of the debt owed by the consumer.

36. CFPB Comment 34(b)(3) states:

  1. **In general.** Section 1006.34(b)(3) defines itemization date for purposes of § 1006.34. Section 1006.34(b)(3) states that the itemization date is any one of five reference dates for which a debt collector can ascertain the amount of the debt. The reference dates are the last statement date, the charge-off date, the last payment date, the transaction date, and the judgment date. A debt collector may select any of these dates as the itemization date to comply with § 1006.34. Once a debt collector uses a reference date for a debt in a communication with a consumer, the debt collector must use that reference date for that debt consistently when providing the information required by § 1006.34(c) to that consumer.

37. 12 CFR § 1006.34 continues:

 (c) states "*Validation information*. Pursuant to paragraph (a)(1) of this section, a debt collector must provide the following validation information

 …

  (2) *Information about the debt*. Except as provided in paragraph (c)(5) of this section:

   …

   (vi)  The itemization date.

   (vii)  The amount of the debt on the itemization date.

38. 12 CFR § 1006.34(d) further states that "The validation information required by paragraph (c) of this section must be clear and conspicuous."

39. 12 CFR § 1006.42(a) states:

> (1) **In general**. A debt collector who sends disclosures required by the Act and this part in writing or electronically must do so in a manner that is reasonably expected to provide actual notice, and in a form that the consumer may keep and access later.

40. Defendant ProCollect's August 11, 2022 correspondence fails to include all of the information described above. Specifically, Defendant's Letter provides an amount of the alleged debt which is specifically stated to be tied to a date specific, but the Letter fails to provide any information on what that date specific is.

41. In relevant part, the Letter provides the following:

> ProCollect, Inc. (PCI) is a debt collector. We were hired to collect a debt owed to the Current Creditor, PESO ENERGY / AMPRA ENERGY / ALMIKA SOLAR. We will use any information you give us to help collect the debt.
>
> Our information shows:
> Your final account or move out statement supporting the debt owed to PESO ENERGY / AMPRA ENERGY / ALMIKA SOLAR indicates:
>
> | | |
> |---|---|
> | As of [omitted from the letter] you owed: | $39.97 |
> | Between [omitted from the letter] and today: | |
> | You were charged this amount in interest: | +$0.00 |
> | You were charged this amount in fees: | +$0.00 |
> | Payments or Credits toward the debt: | -$0.00 |
> | Total amount of the debt now: | $39.97 |

42. As noted, the Letter fails to provide any specific itemization date as required by the CFPB.

43. Additionally, regardless of the CFPB's statements, the Letter fails to properly advise Plaintiff as to the nature and status of the alleged debt as Defendant defined the debt by a date specific, but failed to actually specify such date.

44. Accordingly, the Letter failed to include multiple disclosures and statements required pursuant the rules promulgated by the CFPB.

45. Specifically, the Letter fails to include an itemization date of any kind, any reference to an itemization date or a statement specifying the creditor on such date in violation of 12 CFR § 1006.34(c)(2).

46. As Defendant failed to include the itemization date, Plaintiff was thereby misled as to the statue of the subject debt, for it was not properly associated with a particular date as required and as phrased by Defendant.

47. Plaintiff was left with no way to ascertain when exactly this alleged debt was incurred and if in fact it was a valid debt.

48. The fact that Defendant failed to include an itemization date, despite defining the debt by the same, is suspicious, misleading, and out of character for a legitimate debt collection.

49. Therefore, Defendant's omission cast a negative shadow over its debt collection practice in general.

50. By withholding the itemization date, Defendant withheld a material term from Plaintiff which made it confusing for him to understand the nature of the subject debt.

51. Therefore, Defendant's omission cast a negative shadow over its debt collection practice in general.

52. To that end, failing to provide the itemization date deprived the Plaintiff of the ability to determine the appropriateness, accuracy, and legitimacy of the debt.

53. Specifically, in addition to tying the amount to a date specific that was never specified, Defendant also stated that the amount was based on Plaintiff's "final account or move out statement."

54. Accordingly, Plaintiff was unable to determine if the itemization date actually coincided with the "final account or move out statement" that he allegedly received at the end of his tenancy.

55. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

56. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

57. When a consumer is faced with something less than the total story behind owing a debt, they often five up and choose to pay an unwarranted debt to avoid further trouble.

58. Knowing the state of affairs and swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

59. Congress further empowered the CFPB to promulgate rules for debt collectors to follow in their attempts to collect a debt.

60. As noted above, the CFPB set forth a series of rules under Regulation F, the primary purpose of such rules to ensure that the consumer is completely advised as to the status of the debt.

61. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue of the traditional tort of fraud.

62. Defendant's debt collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

63. Defendant's violations were material misrepresentations because they are likely to affect Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead Plaintiff, who was acting reasonably under the circumstances.

64. Specifically, Defendant's careless, deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

65. Plaintiff was confused and misled to his detriments by the statements in the Letter and relied on the contents of the Letter to his detriment.

66. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

67. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

68. As a result of Defendant's deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

69. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

70. Plaintiff was confused and missed to his detriment by the statements and/or omissions in the dunning letter, and relied on the contents of the letter to his detriment.

71. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

72. One important element of consumer protection revolves around keeping the consumer informed.

73. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

74. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

75. These violations by Defendant were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

76. The Defendant's actions of stating that the amount of the debt was based on a date specific, but then failing to specify what that date was, arouses suspicion as to their underlying motivations for doing so.

77. The couching of the amount of the debt on a date specific, but failing to provide the date specific, makes it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

78. A consumer such as Plaintiff cannot pay an alleged debt, trusting the debt collector such as Defendant, when it appears that the information stated in the debt collector's letter is incorrect.

79. Because of Defendant's actions, the funds Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

80. Because of this, Plaintiff expended time and money in determining the proper course of action.

81. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

82. Plaintiff's failure to pay the debt arose from the collection Letter itself because Plaintiff believed it was an attempt to collect inaccurate or improper monies.

83. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

84. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused Defendant's furnishment, and ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

85. Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent, sensible information, to ascertain what his options and possible response could or should be.

86. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this debt.

87. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

88. When a debt collector fails to effectively inform the consumer of the legal status of their alleged debts, in violation of statutory law, the debt collector has harmed the consumer.

89. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

90. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

91. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 53 as if set forth herein.

92. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

93. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

94. Defendant violated §1692d:

 a. By omitting an itemization date from their dunning letter and defining Plaintiff's debt based on the omitted date.

95. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

96. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

97. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

98. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

99. Defendant violated §1692e :

   a. The Letter omits a required representation of the character, amount and/or legal status of the debt in violation of § 1692e(2)(A);

   b. By failing to include all of the necessary information regarding the debt, including the itemization date, the name of the creditor to whom the debt was owed on the itemization date, the total amount due at the itemization date, and an itemization of the current amount of debt reflecting interest, fees, payments, and credits since the itemization date in violation of § 1006.34(c)(2);

   c. By failing to include any specification as to the dates that the validation period would end in violation of § 1006(c)(3); and

   d. By failing to include the dispute prompts prepared by the CFPB, or anything resembling the same, in violation of § 1006.34(c)(4).

   e. By making a false and misleading representation in violation of §1692e(10).

100. By reason thereof, Defendant are liable to Plaintiff for judgment in that Defendant's conduct violated the FDCPA by failing to comply with the rules set forth in 12 CFR § 1006 *et seq.*, actual damages, statutory damages, costs, and attorney's fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

101. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 53 as if set forth herein.

102. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

103. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

104. Defendant violated §1692f:

   a. By omitting a material term from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt;

105. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g et seq.

106. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

107. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

108. Pursuant to 15 U.S.C. §1692g(a)(1), a debt collector must provide notice of a debt, including the amount of the debt.

109. Defendant violated §1692g(a)(1):

   a. As the Letter fails to state the itemization date for which the amount of the alleged debt is based; and

   b. As the Letter fails to provide the necessary disclosures regarding the debt as of the itemization date including the creditor was at that time.

110.  By reason thereof, Defendant are liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g(a)(1) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

111.  Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Christofer Merritt, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper

Dated:  September 29, 2022

/s/ Christofer Merritt
**Stein Saks, PLLC**
By:  Christofer Merritt, Esq.
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
cmerritt@steinsakslegal.com